FILED

03/15/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0076

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0076

COTTONWOOD ENVIRONMENTAL LAW
CENTER, GALLATIN WILDLIFE
ASSOCIATION, JOHN PHILLIP MEYER,
AND MONTANA RIVERS,

Petitioners,

v.

AUSTIN KNUDSEN, IN HIS CAPACITY AS
MONTANA ATTORNEY GENERAL,

Respondent.

ORDER

FILED

MAR 1 5 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

Petitioners have filed an original action pursuant to § 13-27-316, MCA, objecting to the Attorney General's official actions on Petitioner's proposed ballot initiative I-24. Petitioners' objection alleges that the Attorney General's revised ballot statement does not satisfy the requirements of § 13-27-312, MCA. We resolve the dispute about the statement text with the language presented below.

Section 13-27-312(4), MCA, governs the language that communicates the purpose of a ballot initiative to voters. The text must be a "true and impartial explanation of the proposed ballot issue in plain, easily understood language and may not be arguments or written so as to create prejudice for or against the issue." The aim of the initial step in the process, when staff at the Legislative Services Division help proponents craft their language, is to ensure at the outset that it meets this standard. *See* § 13-27-302(1)(a), (2), MCA. The Attorney General's review serves as another opportunity to ensure there are no linguistic issues with communicating the measure plainly and impartially, as does this Court's review in a proceeding under § 13-27-316(1), MCA.

The language that the Legislative Services Division crafted with Petitioners for I-24 was the following:

> "Outstanding resource water" is a designation that affords a body of water the greatest protection feasible under state law, after thorough examination. The Department of Environmental Quality (DEQ) may not allow a new or increased point source discharge that would result in a permanent change in the water quality of an outstanding resource water. "Point source" is defined in 75-5-103, MCA. Passing this initiative would make outstanding resource waters on the Gallatin River from the boundary of Yellowstone National Park to the confluence of Spanish Creek, and on the Madison River from Hebgen Lake to Ennis Lake. Passage would also amend 75-5-316(2), MCA, to prohibit the DEQ from allowing a new or increased point source discharge that would result in any temporary or permanent change in water quality.

The Attorney General modified this language. He argues that the text above is not sufficiently plain and easy to understand given its reference to complicated terms like "point source." The Attorney General's version of the I-24 text was the following:

> [Initiative number] prohibits DEQ from approving a permit for any new or increased point source discharge if the permit would result in any change in water quality, including a temporary change in water quality, for "outstanding resource waters." [Initiative number] bypasses the existing review process for designating an "outstanding resource water," which includes local government consultation, review of social and economic impacts, and an environmental impact statement, and deems the Gallatin River from the boundary of Yellowstone National Park to the confluence of Spanish Creek, and on the Madison River from Hebgen Lake to Ennis Lake to be "outstanding resource waters" without the review and consultation process.

Petitioners argue that the Attorney General's version makes the language unclear because it focuses on distracting procedural technicalities that they argue are included to discourage voters from approving the measure. They contend that the Attorney General's version is less of an understandable statement about the initiative than theirs, and they point out that it, too, uses complicated terms including "point source."

After review, this Court has determined that the ballot statement the Attorney General certified to the Secretary of State is confusing and convoluted. As such, it fails to satisfy the standard from § 13-27-312, MCA. Under § 13-27-316(3)(c)(ii), MCA, this

Court may "certify to the secretary of state a statement that the court determines will meet the requirements of" § 13-27-312, MCA, and such statement "certified by the court must be placed on the petition for circulation and on the official ballot." Following this statutory approach and our review obligation, we determine that the following statement of implication comports with the statutory and constitutional requirements:

> I-24 declares portions of the Gallatin and Madison Rivers north and west of Yellowstone National Park to be "Outstanding Resource Waters." The stretches of water that I-24 would designate run from Yellowstone National Park to the confluence of Spanish Creek on the Gallatin River and from Hebgen Lake to Ennis Lake on the Madison River.
>
> I-24 bypasses the existing review process for such a designation, including the local government consultation, review of social and economic impacts, and environmental impact statement that would be involved.
>
> I-24 also prohibits the State from approving a permit for any new or increased discharge into Outstanding Resource Waters if the permit would result in any adverse change in water quality, including only a temporary change.

IT IS ORDERED that, pursuant to § 13-27-316(3)(c)(ii), MCA, the above language is hereby certified to the Secretary of State as meeting the requirements of § 13-27-312, MCA, and must be placed on the petition for circulation and on the official ballot if qualified by sufficient signatures.

The Clerk is directed to provide notice of this Order to all counsel of record and the Montana Secretary of State.

DATED this 15 day of March, 2022.

_____
Chief Justice

_____

3

_____

_____

_____

_____

_____
Justices

4